UNITED STATES DISTRIC COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Plaintiff(s), | : | |
| | : | |
| **POUNDSTONE POWER, LLC and** | : | Civil Action No. |
| **DEREK POUNDSTONE** | : | |
| | : | 14 CV _____ |
| vs. | : | |
| | : | |
| Defendant(s), | : | |
| | : | |
| **SOLAE, LLC, E.I. DUPONT DE** | : | |
| **NEMOURS AND COMPANY and** | : | |
| **ABC CORPS 1-5** | : | |
| | : | **COMPLAINT AND DEMAND** |
| | : | **FOR TRIAL BY JURY** |
| | : | |

Plaintiffs, Poundstone Power, LLC, with a registered address at 71 Geddes Terrace, Waterbury, Connecticut, by way of complaint against the Defendants, states:

1. Plaintiff, Derek Poundstone, at all relevant times, is and was a citizen of the State of Connecticut and the President and sole owner of Poundstone Power, LLC.

2. Plaintiff, Poundstone Power, LLC, at all relevant times, is and was a limited liability corporation organized and existing pursuant to the laws of the State of Connecticut with a registered address and principal place of business in the State of Connecticut.

3. Defendant, Solae, LLC ("Solae"), is limited liability corporation organized and existing pursuant to the laws of the State of Missouri with a principal place of business in the State of Missouri.

4. Defendant, E.I. DuPont de Nemours and Co. ("DuPont"), is a corporation organized and existing pursuant to the laws of the State of Delaware with a registered address and principal place of business in the State of Delaware.

5. Upon information and belief, in or around 2012, defendant DuPont became the successor in interest to defendant Solae, having purchased all of the issued and outstanding shares or available interest in Defendant Solae.

## Jurisdiction

6. Jurisdiction in the Court is proper pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy is in excess of $75,000.00.

## Facts Common to All Counts

7. On or about July 1, 2010, Plaintiff, Poundstone Power, by and through its principal, Derek Poundstone, entered into an "Exclusive Endorsement and Personal Services Agreement" with Defendant Solae (hereinafter referred to as the "Agreement").

8. The Agreement provides for a two year term with automatic one-year renewals unless earlier terminated pursuant to the terms of the Agreement.

9. The Agreement sets forth the compensation payable to Plaintiff by providing a payment schedule to Plaintiff for each of the first four and a half years of the contract.

10. In addition to yearly compensation, the Agreement provides for a Marketing and Promotional Budget of at least $490,000.00 "for advertisement, promotion or initiatives related to Contractor Power brand." The purpose of the Promotional Budget was to raise the visibility and status of Plaintiff in order to cross-promote both Plaintiff and Defendants' products.

11. Upon information and belief, there remains a balance of approximately $200,000.00 of the Promotional Budget.

12. In addition to cross-promotion, one of the stated purposes of the Agreement was to create a product line for Plaintiff. As the Agreement specifically provides:

    > Solae LLC agrees to aid in the development of the Poundstone Power Brand. … The parties agree that their goal is to create at least three (3) soy protein containing products for regionally directed commercialization by December 31, 2014. If the parties do not meet this goal, Solae shall pay Poundstone the amount of $25,000 within the first quarter of 2015, which payment shall be in addition to the Compensation set forth in Exhibit B.

13. The Agreement additionally provides for the manner in which either party may terminate the Agreement in the event of a breach.

14. Specifically, in order for Defendants to terminate the Agreement based upon a breach by Plaintiff, Defendant must provide Plaintiff with thirty days written notice and, if the breach is capable of cure, Plaintiff has the right to cure such breach within fifteen days of receipt of Solae's written notice.

15. At all times relevant hereto, Plaintiff performed its obligations in accordance with the terms of the Agreement and to satisfaction of defendants. As a result, defendants have not, at any point, attempted to terminate the Agreement alleging a breach by Plaintiff and, to that end, have not at any point provided Plaintiff with written notification alleging any such breach by Plaintiff.

16. Pursuant to the terms of the Agreement and in accordance with the practice of the parties during the term of the Agreement, payments to plaintiff were to "be paid in two equal semi-annual installments as invoiced retainer amounts within 45 days after Solae's receipt of a properly prepared invoice from Contractor."

17. On or about November 15, 2013, Plaintiff forwarded to Defendant a fully conforming invoice for payment of the first half of compensation due Plaintiff for the year 2014.

18. Defendant has not objected to form or substance of the invoice or otherwise rejected the invoice. Despite this, Defendants failed or otherwise refused to pay the invoice within forty-five days of receipt of same as required by the Agreement.

19. As such, and in accordance with the terms of the Agreement, Plaintiff notified Defendant in writing that their failure to pay was a breach of their obligations under the Agreement and, as such, Plaintiff was providing written notification that a failure to cure the breach within fifteen days may result in the termination of the Agreement by Plaintiff.

20. Defendants failed to cure the breach within fifteen days as required by the Agreement and, by correspondence dated January 21, 2014, Plaintiff advised Defendant that the agreement was being terminated.

21. The Agreement states that in the event Plaintiff terminates the Agreement due to Defendants' failure to perform its obligations, "Solae shall pay [Plaintiff] all amounts due and owing to Contractor for the then current annual term of the Agreement."

22. Thus, pursuant to the terms of the Agreement, in the event of an uncured breach by Defendants, all sums payable for the current Contract year are accelerated and become immediately due Plaintiff.

## COUNT ONE

### (BREACH OF CONTRACT)

23. Plaintiffs repeat each of the foregoing allegations as if set forth at length herein.

24. Plaintiff and Defendants entered into a contractual arrangement pursuant to which Plaintiff was to be compensated for services rendered.

25. At all times relevant hereto, Plaintiff performed its contractual obligations and, as such, Defendants were required to perform pursuant to the Agreement.

26. Defendants breached their obligations under the Agreement by failing and/or otherwise refusing to pay sums due Plaintiff.

27. As a result of Defendants' breach of the Agreement, Plaintiff is entitled to all sums due to Plaintiff pursuant to the Agreement for the present Contract year, specifically, $165,200.00 in Compensation, $25,000.00 for product development, and approximately $200,000.00 from the Promotional Budget.

28. In addition, Plaintiff is entitled to incidental and consequential damages including, but not limited to, the value of the contractual exposure which Plaintiff would have enjoyed had Defendants not breached the Agreement.

## COUNT TWO

### (BREACH OF THE COVENENANT OF GOOD FAITH AND FAIR DEALING)

29. Plaintiffs repeat each of the foregoing allegations as if set forth at length herein.

30. By breaching their obligations under the Agreement, as set forth herein, Defendants have violated the duty of good faith and fair dealing inherent in all contractual relationships.

31. In violating the covenant of good faith and fair dealing, Defendants have caused Plaintiff to suffer injury and damages including, but not limited to, the sums due Plaintiff pursuant to the plain language of the Agreement.

## COUNT THREE

### (BREACH OF CONTRACT/THIRD PARTY BENEFICIARY)

32. Plaintiffs repeat each of the foregoing allegations as if set forth at length herein.

33. The parties to the Agreement knew, or reasonably should have known, that Plaintiff Derek Poundstone was a third-party beneficiary under the terms of the Agreement.

34. Specifically, the advertising and promotional budget was explicitly designed to promote Poundstone and the Poundstone Power Brand.

35. By designating funds for promotional initiatives of Poundstone and the Poundstone brand, the Agreement was designed to elevate Poundstone's profile and elevate the value of the contract for Plaintiff Derek Poundstone.

36. Defendants breached the Agreement as set forth herein, thereby harming Plaintiff Derek Poundstone as a third-party beneficiary of the Agreement.

## COUNT FOUR

### (TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE)

37. Plaintiffs repeat each of the foregoing allegations as if set forth at length herein.

38. Plaintiff Derek Poundstone reasonably relied upon the terms of the Agreement and, specifically, the Promotional Budget, to obtain a prospective economic advantage.

39. Defendants knew, or should have known, that Plaintiff Derek Poundstone was reliant upon the Agreement as the Agreement explicitly provided for the enhancement of plaintiff's profile.

40. By breaching the Agreement, and failing to utilize the Promotional Budget as required, Defendants intentionally deprived Plaintiff of the value of the Agreement.

41. By breaching the Agreement, Defendants caused actual, as well as prospective, harm to Plaintiff. The harm caused was a reasonably foreseeable result of Defendants' breach of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief and judgment against the defendants as follows:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Consequential and incidental damages in an amount to be determined at trial; and

    (c)    Any and all other relief the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

THE KALOIDIS LAW FIRM

By: __/s/Ioannis A. Kaloidis__
    Ioannis A. Kaloidis, Esq.
    21 Holmes Avenue
    Waterbury, Connecticut 06710
    Telephone: (203) 597-0010
    Facsimile: (203) 597-0024

CAMMARATA, NULTY & GARRIGAN, L.L.C.
Michael S. Doran, Esq.
(Motion for Admission *Pro Hac Vice* to be filed)
549 Summit Avenue
Jersey City, New Jersey 07306
Telephone: (201) 656-2222
Facsimile: (201) 656-6680

*Attorneys for Plaintiffs Poundstone Power, L.L.C. and Derek Poundstone*